```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

  DAIANE D. CHEADLE,

          Plaintiff,                    1:20-cv-18183-NLH-SAK

  v.                                    **OPINION**

  EXPERIAN, et al.,

          Defendants.

**APPEARANCES:**

DAIANE D CHEADLE
101 CREEK RD. APT B
DELRAN, NJ 08075

     *Plaintiff appearing pro se*

CHRISTOPHER ALBERT REESE
STRADLEY RONON STEVENS & YOUNG, LLP
457 HADDONFIELD ROAD
SUITE 100
CHERRY HILL, NJ 08002

     *On behalf of Defendant Capital One Bank (USA), N.A.*

JARROD D. SHAW
MCGUIREWOODS LLP
TOWER TWO-SIXTY
260 FORBES AVENUE
SUITE 1800
PITTSBURGH, PA 15222

     *On behalf of Defendant Credit One Bank, N.A.*

JONATHAN E. GINSBERG
BRYAN CAVE LEIGHTON PAISNER LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104

     *On behalf of Defendant Citibank, N.A.*

**HILLMAN**, District Judge

This matter concerns claims by Plaintiff against several credit reporting agencies and banks claiming that they violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., defamed her, caused her emotional distress, and violated her civil rights.  Presently before the Court is the motion of the three defendant banks to dismiss Plaintiff's claims.  For the reasons expressed below, the Court will grant Defendants' motions.

## BACKGROUND

Plaintiff, Daiane D. Cheadle, appearing *pro se*, filed a complaint against Defendants Experian Information Solutions, Inc. (improperly plead as Experian), Trans Union, LLC (improperly identified as Transunion), Equifax Information Services LLC, Credit One Bank, N.A., Capital One Bank (USA), N.A. (improperly identified as Capital One Bank), and Citibank, N.A. (incorrectly named as Citibank) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and for defamation, violation of her civil rights, and emotional distress.

Plaintiff's complaint avers the following based on what Plaintiff claims occurred on October 21, 2020:

> I'm suing these defendants for breaking the FCRA law by allowing each other to take control of my identity and for hiding information from me that I'm entitled to know by law. I hired an attorney and he found a mortgage on my social security number and bankruptcy on my credit without

2

> my consent. . .
>
> Plaintiff is entitled to relief from defendant under the above facts. Blocking my civil right by having totally control of my identity, defaming my name to USA creditors without my consent.
>
> The harm that occurred as a result of defendant's acts include:
>
> 1. These defendants actions caused me to pay too much APR to Capital One and Credit One. Also, they caused me to lose opportunities such as job opportunity, government small business loan opportunity.
>
> 2. I couldn't get not even a secured card at one point.
>
> 3. Last where I lived, where I rented because I couldn't afford or help my husband afford caused me depression, made me feel less than a criminal for not allowing me to see the problems and dispute them.

(Docket No. 1-2 at 2-3). Plaintiff demands "at least 2 million dollars from each defendant leading us to at least total of 12 million dollars. Also, I am demanding all documents they have, any credit history, any payment history, any public record, everything that I am entitled to by law." (Id. at 4.)

Credit One, Capital One, and Citibank have moved to dismiss Plaintiff's claims against them.[1] Plaintiff has filed dozens of letters and other submissions in response to these Defendants' motions and generally relating to her claims against all Defendants. The Court has reviewed each of Plaintiff's submissions, and the Court will consider them collectively in

---

[1] Experian, Equifax, and Trans Union each filed an answer with affirmative defenses to Plaintiff's complaint.

opposition to these Defendants' motions to dismiss in light of her *pro se* status.

## DISCUSSION

### A.   Subject matter jurisdiction

Defendant Trans Union, LLC removed Plaintiff's complaint from New Jersey state court to this Court, which may exercise subject matter jurisdiction over Plaintiff's federal law claims under 28 U.S.C. § 1331, with supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367.

### B.   Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

4

cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Where a plaintiff is proceeding *pro se*, a complaint filed by a *pro se* litigant must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant. Estelle v. Gamble, 429 U.S. 97, 107 (1976). A *pro se* litigant must still, however, "plead the essential elements of [her] claim and [is] not excused from conforming to the standard rules of civil procedure." McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

**C.   Analysis**

   **1.   *Fair Credit Reporting Act claims***

The three Defendants - Credit One, Capital One, and Citibank - which are banks that presumably issued Plaintiff credit, have moved to dismiss Plaintiff's claims against them on

5

similar bases. Defendants argue that if Plaintiff has attempted to assert claims under 15 U.S.C. § 1691s-2(a) of the FCRA, those claims should be dismissed because there is no private right of action under that section of the FCRA. To the extent Plaintiff intends to assert claims for violations of 15 U.S.C. § 1691s-2(b) of the FCRA against Defendants as "furnishers of information," Defendants argue that those claims fail because Plaintiff has not alleged facts to support such claims. Finally, Defendants argue that Plaintiff's claims against them fail for lack of any specificity as to Defendants' alleged actions, including those under the common law, which are otherwise preempted under the FCRA, and for the violation of her civil rights. The Court agrees with Defendants.

Under the FCRA, "[credit reporting agencies or 'CRAs'][2] collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." Seamans v. Temple University, 744 F.3d 853, 860 (3d Cir. 2014).

---

[2] 15 U.S.C. § 1681a(f) provides, "The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."

6

The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010).

The FCRA places certain duties on credit reporting agencies and those who furnish information to consumer reporting agencies.  The furnisher of information has a duty to provide accurate information to the credit reporting agency, 15 U.S.C. § 1681s-2(a), and the credit reporting agency must investigate promptly any reports of inaccuracies, 15 U.S.C. § 1681s-2(b). The FCRA has several provisions that create liability for violations of the Act, but some cannot be used by a private individual to assert a claim for a violation of § 1681s-2(a), as such claims are only available to the Government.  SimmsParris v. Countrywide Financial Corp., 652 F.3d 355, 358 (3d Cir. 2011).

Although a private citizen may bring an action under 15 U.S.C. § 1681s-2(b) against a furnisher, this cause of action is not without limitations.  Id.  The duties that are placed on furnishers of information by this subsection are implicated only "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer

7

reporting agency." 15 U.S.C. § 1681s-2(b)(1). Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer. Id. (citation omitted).

To state a viable claim under the FCRA regarding the interplay between the furnisher and the credit reporting agency, a plaintiff must allege that she "(1) sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." Gittens v. Sterling Jewelers Inc., 2016 WL 828098, at *2 (D.N.J. 2016) (citing SimmsParris, 652 F.3d at 358). "The furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute." Id. (citations omitted).

Although Plaintiff does not specifically cite to any provisions of the FRCA, Plaintiff's complaint appears to mainly allege violations of the FCRA that pertain to credit reporting agencies, such as the other three Defendants Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services LLC, but not "furnishers of information," such as Credit One, Capital One, and Citibank. Plaintiff's complaint fails to cite to 15 U.S.C. § 1681s-2 regarding the duties of a furnisher such the Defendant banks, and it fails to aver violations of the provisions applicable to the Defendant

8

banks, including facts regarding notice from the consumer reporting agencies to the Defendant furnishers about Plaintiff's inaccurate information, and facts as to how the Defendant furnishers failed to investigate and modify the inaccurate information.

Moreover, Plaintiff's complaint fails to assert any specific claims against Citibank aside from naming it as a defendant, and Plaintiff's only specific mention of Credit One and Capital One is that "[t]hese defendants actions caused me to pay too much APR to Capital One and Credit One."  (Docket No. 1-2 at 3.)  As currently pleaded, Plaintiff's complaint fails to state viable claims against Credit One, Capital One, and Citibank for violations of the FCRA.  The Court will therefore dismiss Plaintiff's FCRA claims against these Defendants.

### 2. *Defamation, civil rights, and emotional distress claims*

Plaintiff's claims for defamation, civil rights violations, and general emotional distress also fail to state cognizable claims.  Plaintiff alleges that Defendants collectively "[b]lock[ed] my civil right by having totally control of my identity, defaming my name to USA creditors without my consent," and "caused me depression, made me feel less than a criminal for not allowing me to see the problems and dispute them."  (Docket No. 1-2 at 5.)

9

The weight of authority holds that claims for defamation and emotional distress are preempted by the FCRA. Section 1681t(b)(1)(F) of the FCRA states that "[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Although not yet directly addressed by the Third Circuit, several other circuit courts have held that § 1681t(b)(1)(F) preempts all state and common law claims against furnishers of information with respect to all subject matter regulated under § 1681s-2. Washington v. Freedom Mortgage, 2021 WL 1100637, at *3 (D.N.J. 2021) (citing Havassy v. Mercedes-Benz Financial Services USA, LLC, 432 F. Supp. 3d 543, 547 (E.D. Pa. 2020) (citing Purcell v. Bank of Am., 659 F.3d 622, 625-26 (7th Cir. 2011) (finding defamation claim preempted by § 1681t(b)(1)(F)); Macpherson v. JPMorgan Chase Bank, N.A., 665 F.3d 45, 47-48 (2d Cir. 2011) (same); Marshall v. Swift River Academy, LLC, 327 F. App'x 13, 15 (9th Cir. 2009) (same); Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 751 (10th Cir. 2009) (finding state libel and false light invasion of privacy claims to be preempted by § 1681t(b)(1)(F)).

"Multiple district courts within the Third Circuit have likewise adopted this conclusion and found that Section

10

1681t(b)(1)(F) preempts both state statutory and common law claims against furnishers of information acting under Section 1681s-2." Id. (citing Lalonde v. Bank of Am., N.A., No. 16-1586, 2016 WL 7734690, at *2 (W.D. Pa. Dec. 15, 2016), report and recommendation adopted by 2017 WL 104965 (W.D. Pa. Jan. 11, 2017); Prukala v. TD Bank USA, No. 16-0894, 2016 WL 6191912, at *3 (M.D. Pa. Oct. 24, 2016); Cicala v. Trans Union, LLC, Nos. 15-6790, 15-6801, 2016 WL 2622377, at *4 (E.D. Pa. May 9, 2016); Vullings v. Trans Union, LLC, 115 F. Supp. 3d 538, 543 (E.D. Pa. 2015); Grossman v. Trans Union, LLC, 992 F. Supp. 2d 495, 500 (E.D. Pa. 2014); Goins v. MetLife Home Loans, No. 12-6639, 2014 WL 5431154, at *6-7 (E.D. Pa. Oct. 24, 2014); Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 451 (D.N.J. 2010); Cosmas v. Am. Exp. Centurian Bank, 757 F. Supp. 2d 489, 500-01 (D.N.J. 2010)); see also Bertollini v. Harrison, 2019 WL 2296150, at *4 (D.N.J. 2019) (finding that § 1681t(b)(1)(F) expressly preempts Plaintiff's state common law claims for defamation, fraud, and negligence) (citing Cosmos, 757 F. Supp. 2d at 501 ("[S]ection 1681t(b)(1)(F) [ ] encompass[es] both statutory and common law claims[.]"); Burrell, 753 F. Supp. 2d at 451 ("[Section 1681t(b)(1)(F)] leaves no room for state law claims against furnishers of information . . . , regardless of whether those claims are couched in terms of common law or state statutory obligations."); Tutanji, 2012 WL 1964507, at *7 ("Plaintiff's

common law claims pertaining to Defendant's credit reporting are preempted pursuant to 15 U.S.C. § 1681t(b)(1)(F).")).

Importantly, the FCRA provides the relief that Plaintiff appears to seek for her common law claims.  See Reilly v. Vivint Solar, 2021 WL 261084, at *9 (D.N.J. 2021) (citing 15 U.S.C. § 1681o(a); 15 U.S.C. § 1681n(a)) (other citations omitted) (explaining that a plaintiff may recover actual damages for negligent violations of the FCRA, including emotional distress damages, and she may recover actual, punitive, or statutory damages for willful violations of the FCRA); see also Cortez v. Trans Union, LLC, 617 F.3d 688, 719-20 (3d Cir. 2010) (explaining that the fact that a plaintiff's injuries relate to the stress and anxiety caused by a defendant's conduct "is precisely the kind of injury that Congress must have known would result from violations of the FCRA").  Thus, Plaintiff's claims for defamation and emotional distress must be dismissed as preempted by the FCRA.[3]

As for Plaintiff's contention that her civil rights have been violated, claims for "civil rights violations" are not considered common law claims and are therefore not preempted.  However, Plaintiff's conclusory statement that Defendants have

---

[3] Even if Plaintiff's common law claims were not preempted, they otherwise fail under Rule 8 and Twombly/Iqbal for insufficient pleading.

violated her civil rights, without any specification as to which civil rights were violated and by which Defendant, is insufficient to maintain a viable cause of action against Credit One, Capital One, and Citibank.  Moreover, as several courts have pointed out, Plaintiff's claims for civil rights violations against these private entities are unsustainable. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (explaining that "a plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor"); Prater v. American Heritage Fed. Credit Union, 351 F. Supp. 3d 912, 917 (E.D. Pa. 2019) (dismissing *pro se* complaint alleging, among other things, civil rights violations in connection with alleged violation of FCRA because such a claim implicates 42 U.S.C. § 1983, which requires that the defendants be state actors) (citing James v. Heritage Valley Fed. Credit Union, 197 Fed. App'x 102, 106 (3d Cir. 2006) (dismissing claims "against the Heritage Valley Federal Credit Union, its President and Chairman, Ames and Dunkelberger respectively, and an employee, Jane Gee" because those individuals are not state actors).

Because the common law claims in Plaintiff's complaint are preempted by the FCRA, her civil rights violation claims are unsustainable, and her common law claims and claims for civil rights violations are otherwise insufficiently pleaded, these

13

claims must be dismissed against Credit One, Capital One, and Citibank.

## **CONCLUSION**

For the foregoing reasons, the Court will grant the motions of Credit One, Capital One, and Citibank to dismiss all of Plaintiff's claims against them.[4]  An appropriate Order will be entered.

Date: July 26, 2021  　　　　　　　s/ Noel L. Hillman  
At Camden, New Jersey　　　　　　NOEL L. HILLMAN, U.S.D.J.

---

[4] Third Circuit case law supports the notion that irrespective of whether it is requested a district court must offer amendment to a plaintiff when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  That requirement, however, is only applicable in civil rights cases. Id.  Here, Plaintiff's civil rights claims are not viable, and her other claims do not implicate her civil rights.  Consequently, if Plaintiff wishes to amend her claims against Credit One, Capital One, and Citibank, she must follow Fed. R. Civ. P. 15 and L. Civ. R. 15.1, which provide direction on how to obtain leave from the Court to file an amended complaint.

14