**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAIANE D. CHEADLE, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | Civil Action<br>No. 20-18183 (KMW-SAK) |
| EXPERIAN, TRANSUNION, EQUIFAX, CAPITAL ONE, CREDIT ONE, and CITIBANK, | **MEMORANDUM OPINION** |
| Defendants. | |

Appearances:

Daiane D. Cheadle, *pro se*
101 Creek Road, Apt. B
Delran, NJ 08075

Dorothy A. Kowal, Esquire
Price, Meese, Shulman & D'arminio, PC
Mack-Cali Corporate Center
50 Tice Boulevard
Woodcliff Lake, NJ 07677
       Counsel for Defendant Experian

Jared Brown, Esquire
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077

Casey B. Green, Esquire
Sidkoff Pincus & Green
2700 Aramark Tower
1101 Market Street
Philadelphia, PA 19107
       Counsel for Defendant Transunion

Alnisa Bell, Esquire
Seyfarth Shaw LLP

620 Eighth Avenue
New York, NY 10018
    Counsel for Defendant Equifax

**WILLIAMS, District Judge:**

This matter comes before the Court on the Joint Motion for Summary Judgment ("MSJ") (ECF No. 180) filed by Defendants Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax").[1] *Pro se* Plaintiff Daiane D. Cheadle ("Plaintiff") filed a June 30, 2022 letter (ECF No. 183) which the Court will consider in opposition to Defendants' MSJ. The Court, having reviewed the submissions of the parties and considered the MSJ without oral argument pursuant to Federal Rule of Civil Procedure 78(b), grants Defendants' MSJ because, simply stated, Plaintiff failed to provide any evidence to support any of her claims.[2]

1. This action was removed to this Court on November 4, 2020. Notice of Removal, ECF No. 1. In the Complaint, Plaintiff demands two million dollars from each Defendant due to their violation of the Fair Credit Reporting Act ("FCRA"), without citation to specific provisions therein, by "tak[ing] control of her identity"; "hiding information"; and reporting a mortgage and a bankruptcy under her social security number without her consent. Compl., ECF No. 1-2, ¶ 1. Plaintiff also alleges defamation and unspecified violations of her civil rights. *Id.* ¶ 2. As a result of Defendants' actions, Plaintiff alleges that she was forced to pay excessive annual percentage

---

[1] The Court references the proper names of Defendants as Plaintiff referred to the Defendants as "Transunion," "Experian," and "Equifax." *See* Compl. The Court also notes that additional originally named Defendants – Capital One, Credit One, and Citibank – were terminated after their motions to dismiss were granted. *See* ECF Nos. 104 and 105.

[2] This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

rates to creditors, lost employment and business opportunities, and other emotional distress. *Id.* ¶ 3.

2. All facts outlined in Defendants' Local Rule 56.1 statement are deemed admitted for purposes of this Motion as Plaintiff did not file a counter Local Rule 56.1 statement.[3] Additionally, the Court will not recite all background facts but only facts pertinent to the threshold issue of whether Plaintiff's consumer report contained inaccurate information. Defendants are Consumer Reporting Agencies ("CRA"), entities that assemble consumer information for the purpose of providing consumer reports to third parties. Defendants' Rule 56.1 Joint Statement of Material Facts in Support of their Motion for Summary Judgment ("SMF"), ECF No. 180-2, ¶¶ 11-18. In discharging their role as CRAs, each Defendant maintains procedures to handle consumer disputes and the investigation of same. SMF ¶¶ 19-61. In or around June 2020, Plaintiff hired an attorney, Lee Perlman ("Perlman"), to help her "find out what was wrong with [her] credit." Declaration of Alnisa Bell ("Bell Decl."), ECF No. 180-8, Ex. F-2, Pl.'s Responses to Interrogatories, 3. Perlman told her about a Citibank mortgage and a bankruptcy listed on her credit report. *Id.*; SMF ¶ 66. Plaintiff maintains that Perlman could see the reported information, but she was unable to see the same information when she ran a report. *Id.* According to Plaintiff, Perlman disputed the bankruptcy and the mortgage. *Id.* However, Perlman refused "to give her more information and details about the inaccurate information." *Id.* Plaintiff states she never owed a debt to CitiMortgage or filed for bankruptcy. SMF ¶ 67.

---

[3] Given Plaintiff's status as *pro se*, the Court has nonetheless reviewed the record provided by Defendants to determine if facts exist that would create a material issue of fact or tend to show that Defendants are not entitled to summary judgment. *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175-76 (3d Cir. 1990) (explaining that a movant is not entitled to summary judgment simply because the movant's motion is unopposed).

3

3. Correspondence from Perlman to Defendant Experian dated July 22, 2020, raised a dispute concerning Experian's erroneous placement of a security alert on Plaintiff's credit report which was allegedly resulting in hard inquires and dropping Plaintiff's score. Declaration of Christina Hamilton ("Hamilton Decl."), ECF No. 180-5, Ex. C-3. By letter dated September 4, 2020, Experian informed Perlman that its records indicate that there was no fraud alert displayed on Plaintiff's credit report. Hamilton Decl., Ex. C-6. Neither letter referenced a mortgage or a bankruptcy. Notably, around the same time, a September 8, 2020 letter from Experian to Perlman regarding Perlman's client, Stephen J. Masapollo, referenced a CitiMortgage. Hamilton Decl., Ex. C-8. Likewise, in or about October 2020, Trans Union received a Consumer Financial Protection Bureau ("CFPB") complaint on behalf of Plaintiff to request dispute of a CitiMortgage account and bankruptcy. SMF ¶ 92. On or about November 2020, Trans Union mailed the results of its reinvestigation to the CFPB; the results confirmed that there was no CitiMortgage or bankruptcy appearing on Plaintiff's credit report.[4] SMF ¶¶ 93-99.

4. None of the Defendants ever reported a CitiMortgage account or bankruptcy on Plaintiff's credit file. SMF ¶¶ 69-72. Plaintiff never saw a Trans Union, Experian or Equifax consumer disclosure or consumer report containing a CitiMortgage tradeline or bankruptcy (or containing inaccurate names, addresses, or telephone numbers). SMF ¶¶ 73-74. Even assuming that Plaintiff submitted a dispute to any of the Defendants at any time in 2020 or 2021, none of the Defendants were ever reporting a CitiMortgage or bankruptcy on Plaintiff's credit file. SMF ¶¶ 69-72, 93, 99, 102, 112, 119.

5. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[4] Experian also received a CFPB complaint, but similarly was not reporting a mortgage or bankruptcy on Plaintiff's credit file. SMF ¶¶ 118-19.

4

56(a). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law."). Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248).

The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and 'come forward with 'specific facts showing that there is a *genuine issue for trial*.'"" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). To survive a motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When considering a motion for summary judgment, the court views the facts and all reasonable inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

6. Here, Plaintiff seems to claim that Defendants violated the FCRA by allowing inaccurate information to be placed, and remain, on Plaintiff's credit report (or "in the background") – namely, a CitiMortgage and a bankruptcy. Hence, the Court will construe Plaintiff's claims as

brought under 15 U.S.C. §§ 1681i(a) and 1681e(b). Plaintiff's Complaint also references defamation and violations of her civil rights. The Court will address each claim in turn.

7. The FCRA "'was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

8. *Section 1681i Cause of Action.* "If a consumer disputes 'the completeness or accuracy of any item of information' in his consumer report and notifies the consumer reporting agency of the dispute, § 1681i(a) requires the agency to 'conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.'" *Bibbs v. Trans Union LLC*, 43 F.4th 331, 344 (3d Cir. 2022) (citing 15 U.S.C. § 1681i(a)(1)(A)). "[B]efore a court can consider whether an agency's reinvestigation was reasonable, it must first determine that the disputed information was in fact inaccurate." *Id.* If the reported information is not inaccurate, a claim under section 1681i fails. *Id.*

9. *Section 1681e(b) Cause of Action.* 15 U.S.C. § 1681e(b) outlines the duty of CRAs to ensure maximum accuracy in preparing consumer reports. It provides: "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 707 (3d Cir. 2010). "Negligent noncompliance with FCRA § 1681e(b) consists of four elements: '(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer

6

suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry.'" *Bibbs*, 43 F.4th at 342. "An inaccuracy is the threshold requirement for a § 1681e(b) claim." *Id.*

10. As an initial matter, Defendants argue that because they never reported a mortgage, bankruptcy, or inaccurately reported a name or date of birth on Plaintiff's credit file, accuracy is fatal to Plaintiff's claims. Defs.' Br. 10-13. Plaintiff's June 30, 2022 submission (ECF No. 183), which the Court construes as Plaintiff's Opposition to the MSJ, states that proof was provided to Defendants' attorneys that Perlman saw a mortgage and bankruptcy "behind the scenes."[5] Plaintiff did not attach the "proof" to her submission. A plaintiff must show inaccuracy as a threshold matter to proceed under 15 U.S.C. §§ 1681i(a) or 1681e(b). *Bibbs*, 43 F.4th at 344-45. Here, because there is no record evidence that Plaintiff's credit report or file contained a mortgage or bankruptcy, there is no inaccuracy and Plaintiff's 15 U.S.C. §§ 1681i(a) and 1681e(b) claims fail. To this end, Defendants point the Court to evidence that they never reported a mortgage or bankruptcy on Plaintiff's credit file. Plaintiff fails to point to any evidence that refutes this well-documented fact. Indeed, Plaintiff's response to Defendants' SMJ relies on her report of a statement by Perlman that he saw the mortgage and bankruptcy listed. Curiously, Perlman refused to give or show Plaintiff the information.[6] In an attempt to obtain evidence directly from Plaintiff, the Court reviewed the responses to Interrogatories and notes that Plaintiff's responses further confirm the foregoing. Plaintiff's response to Interrogatories confirm that Perlman told her that there was a Citibank mortgage and a bankruptcy listed on her credit report, but he refused "to give

---

[5] Plaintiff has filed countless submission since the beginning of this case. Indeed, since the filing of the Motion for Summary Judgment, she filed six (6) different documents. Thus, Plaintiff is aware of how to file with the Court but has neglected to provide any evidence the Court can utilize to determine if her claims should survive summary judgment.

[6] It is also curious that there is in fact correspondence between Perlman and Experian referencing a CitiMortgage. Hamilton Decl., Ex. C-8. However, the correspondence does not reference Plaintiff; it references a different client, Stephen J. Masapollo. Thus, without evidence to the contrary, it is plausible that Perlman confused his clients.

7

her more information and details about the inaccurate information." Bell Decl., Ex. F-2, Pl.'s Responses to Interrogatories, 3. Unfortunately, even Plaintiff's responses to Interrogatories fail to establish that she personally saw a mortgage or bankruptcy reported on any of her credit reports or that she has any evidence beyond Perlman's statements to her. As such, summary judgment is granted as to Plaintiff's 15 U.S.C. §§ 1681i(a) and 1681e(b) claims.

11. *Defamation.* Defendants are entitled to summary judgment as to Plaintiff's defamation claim because they enjoy qualified immunity regarding such claims. Section 1681h(e) provides, in relevant part, "[e]xcept as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Here, there is no evidence before the Court demonstrating that Defendants reported any inaccurate information in the first instance, thus, as a corollary, there would be no basis to assert that Defendants acted with malicious and willful intent in their reporting. Plaintiff's defamation claim fails. In any event, a defamation claim would fail as there is no evidence that Defendants published any inaccurate or false information about Plaintiff. *Senna v. Florimont*, 196 N.J. 469, 474, 958 A.2d 427, 430 (2008) (defamation requires, in part, plaintiff be damaged by a *false statement*). Defendants are entitled to summary judgment.[7]

12. *Civil Rights.* Finally, Defendants are entitled to summary judgment relating to claims alleging violation of Plaintiff's civil rights. As an initial matter, the Complaint does not allege the civil rights implicated and allegedly violated. The Complaint merely alleges that Defendants were

---

[7] Because the evidence before the Court does not establish the threshold matter of inaccuracy, the Court will not address Defendants' remaining arguments regarding the balance of the factors to sustain claims under 15 U.S.C. §§ 1681i(a) and 1681e(b).

8

"blocking [her] civil rights by having totally [sic] control of my identity." Compl. ¶ 2. There is no evidence before the Court developing this allegation. During her deposition, Plaintiff testified about discrimination based on Defendants' alleged reporting of the wrong name and date of birth on her credit file, perhaps the basis for the violation of her civil rights. Pl.'s Dep., ECF No. 180-10, 16:18 to 17:2.[8] Here again, there is no evidence demonstrating that Defendants reported an erroneous name or address for her. Moreover, if even the Court found that Defendants engaged in the alleged conduct, the Court cannot ascertain how evidence of an inaccurate name or date of birth can sustain a claim for civil rights violations or discrimination. The Court is charged with construing *pro se* claims liberally, but Plaintiff must provide the Court with some facts to allow the Court to ascertain whether a claim can be sustained. Plaintiff has not done so here. Consequently, Defendants are entitled to summary judgment as to Plaintiff's civil rights claim.

13. *Conclusion.* Defendants' Joint Motion for Summary is granted in its entirety. An accompanying Order will be entered.

Dated: February 23, 2023

KAREN M. WILLIAMS
United States District Judge

---

[8] The citation references the ECF page number as there is no page number on this page of the deposition transcript.